[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Denise Carpenter brought this action against Art Marselle alleging that he breached his contract with her when he incompletely and incompetently renovated her bathroom. There is no dispute between the parties that they entered into a contract on March 13, 1999, whereby Art Marselle, doing business as M. Marselle Siding and Window Specialist, agreed to renovate the plaintiff's bathroom by: ripping out the tub and hauling it away; installing new tub and shower with sliding shower door; installing new sub floor in bathroom; installing tile; completing tub and bath area, walls and floor; installing new casement windows 19 1/2" by 32"; installing new medicine cabinet; and preforming all plumbing and electrical work necessary for the CT Page 1159 job. There is also no dispute that as of the last day on which the defendant was allowed access to the plaintiff's house, the window was not installed in the bathroom; the shower sliding door was not installed in the bathroom; and the walls were sheet rocked, but not painted. Further, there is no dispute that on the last day on which the defendant was allowed access to the plaintiff's bathroom, there were problems with the plumbing related to leaking.
This court finds based on the evidences presented at trial, that the defendant did not complete the work required under the terms of the contract. Namely, the defendant failed to completely and competently renovate the bathroom. The defendant was paid $3,900.00 for the job. However, the plaintiff was left with an unfinished bathroom. In order to renovate the bathroom the plaintiff will incur additional expenses. Unfortunately, the plaintiff did not prove by a preponderance of the evidence what those additional damages will be. The plaintiff submitted two estimates from contractors to support her claim that to fix the bathroom, in the manner in which she wanted would cost her approximately $8,000.00. However, the estimate submitted by one contractor includes cost for work that was not contemplated under the contract between the plaintiff and the defendant; and the estimate submitted by the other contractor does not specify what work is to be provided for by the estimate. Therefore this court does not find either estimate to be an accurate measure of the amount of future costs. Plaintiff is required to prove not only liability but damages. Having found that the defendant breached the contract with the plaintiff, the court orders that the defendant pay the plaintiff $3,900.00 which was the amount paid to the defendant to complete the work.
Angela Carol Robinson Judge